IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD DIAS,<br><br>    Petitioner,<br><br>    vs.<br><br>CONNIE GIPSON, Warden,<br><br>    Respondent. | No. C 12-05146 EJD (PR)<br><br>ORDER TO SHOW CAUSE;<br>GRANTING MOTION FOR LEAVE<br>TO PROCEED *IN FORMA PAUPERIS*;<br>DENYING APPOINTMENT OF<br>COUNSEL<br><br>(Docket Nos. 2 & 3) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has filed a motion for leave to proceed in forma pauperis and a motion to appoint counsel. (Docket Nos. 2 and 3.)

**BACKGROUND**

According to the petition, Petitioner was found guilty by a jury in San Francisco County Superior Court of several charges, including murder, attempted murder and second degree robbery. (Pet. at 2.) Petitioner was sentenced to 32 years to life in state prison. (Id.)

Petitioner appealed his conviction, and the state appellate court affirmed. (Id. at

1  3.) The state high court denied review. (Id.) Petitioner's petition of habeas corpus was
2  also denied by the California Supreme Court. (Id.)

3  Petitioner filed the instant federal habeas petition on October 3, 2012.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. Legal Claims

Petitioner claims the following as grounds for federal habeas relief: (1) the trial court erred by denying his Wheeler/Batson motion; (2) trial counsel was ineffective for failing to present arguments regarding his prior trial on the same charge that resulted in a hung jury and for failing to lodge the transcripts from that trial; (3) trial counsel was ineffective for failing to properly counter the prosecution's theory that Petitioner was guilty as an aider and abetter; and (4) the introduction of an aiding and abetting theory violated his right to Due Process, as the prosecution had previously taken the position that appellant was the shooter. Liberally construed, his claims are cognizable under § 2254 and merit an answer from Respondent.

C. Counsel

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. See Knaubert, 791 F.2d at 728; Bashor v.

Order to Show Cause; Granting IFP
05146Dias_osc&ifp.wpd                    2

1  Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).  An
2  evidentiary hearing does not appear necessary at this time, and there are no exceptional
3  circumstances to warrant appointment of counsel.  Accordingly, Petitioner's motion for
4  appointment of counsel is DENIED without prejudice to the Court's sua sponte
5  reconsideration should the Court later find an evidentiary hearing necessary following
6  consideration of the merits of Petitioner's claims.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's motion for leave to proceed in forma pauperis, (Docket No. 2), is GRANTED.

2. Petitioner's motion to appoint counsel, (Docket No. 3), is DENIED.

3. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

4. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition

within **thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

      6.     Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

      This order terminates Docket Nos. 2 and 3.

DATED: 12/6/2012

EDWARD J. DAVILA
United States District Judge

Order to Show Cause; Granting IFP
05146Dias_osc&ifp.wpd      4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHAD DIAS,

        Plaintiff,

  v.

CONNIE GIPSON et al,

        Defendant.

Case Number: CV12-05146 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 6, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Chad Dias G-44632 - 3a05-132U
CSP, Corcoran (1)
PO Box 3461
Corcoran, CA 93212-3461

Dated: December 6, 2012

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk